WHITNEY v. SUPREME COMMANDERY, UNITED ORDER OF THE GOLDEN CROSS OF THE WORLD.

(Supreme Court, Appellate Division, Second Department.   May 7, 1898.)

1. CREDIBILITY OF WITNESSES—EVIDENCE.

In an action to recover upon a policy of life insurance issued by a mutual insurance organization, testimony by members of the family of the insured was introduced by the defendant to the effect that, contrary to the representations made by the insured in his application for membership in the organization, he had during a certain year been prevented by an attack of bronchitis from attending to his regular work, but the plaintiff established, by witnesses who had worked with the insured, that during that year he was daily engaged in his usual vocation.   The testimony of the witnesses for the defendant clearly indicated that they were not well disposed towards the plaintiff, the widow of the insured, and some of plaintiff's witnesses were allowed, under careful limitations, but against defendant's objection, to testify as to the facts bearing upon the difficulties between plaintiff and the defendant's witnesses.   *Held* no error.

2. TRIAL—MOTION TO STRIKE OUT EVIDENCE.

At the trial a witness for the plaintiff testified, on direct examination, to certain statements made to her by a third party who, when examined as

a witness for defendant, had denied making such statements. Plaintiff's witness, on cross-examination, also testified to other conversations with the third party, and to this testimony defendant did not object until it was all received, and then moved to strike out all the witness' testimony as to conversations with the third party. *Held* that, as the direct testimony was competent in contradiction, the motion was too broad, and was properly denied.

3. SAME—WAIVER OF OBJECTIONS.

*Held*, further, that as to all the testimony in question on the motion to strike out, as it was drawn out by the defendant, and not objected to at the time, it could not complain of the refusal to strike it out.

Appeal from trial term, Kings county.

Action by Emma G. Whitney against the Supreme Commandery, United Order of the Golden Cross of the World. From a judgment in favor of plaintiff entered on a verdict, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and WOODWARD, JJ.

Henry G. Atwater, for appellant.

Thomas F. Magner, for respondent.

PER CURIAM. Charles Stanley Whitney was initiated into the Order of the Golden Cross of the World on the 27th day of December, 1894, and died April 5, 1895. In his application for membership to this order, which is a mutual insurance organization, Mr. Whitney made answers to the regulation questions bearing upon his physical condition, stating, among other things, that he was "in sound bodily health," and that he had "never had or been predisposed to" habitual coughs, bronchitis, inflammation of the lungs, or spitting blood. Proofs of his death were duly made by his beneficiary, the plaintiff in this action, and the order refused to pay the amount of the policy of insurance to which he was entitled as a member of such order. This action was brought to recover the amount of the policy.

The order set up the defense that the insured had made false statements in his application, specifying in particular that he had had some 10 years prior an attack of bronchitis, which prevented him attending to his labors for a period something like one year, and that he had not fully recovered, as stated in the application, from an attack of pleurisy, and that he was not in sound bodily health. The witnesses for the defendant were members of the family of the insured, and their testimony clearly indicated that they were not well disposed towards the plaintiff, who had, it seems, contrary to their ideas of propriety, permitted the attentions of a gentleman whom she afterwards married, at an early day after the decease of her husband. Some of the witnesses were allowed, under very careful limitations on the part of the court, to testify as to the facts bearing upon the difficulties between the plaintiff and members of the family of the deceased, and, although objections were made to this evidence, we are persuaded that no right of the defendant was infringed by its admission.

The plaintiff established by the testimony of witnesses who worked with the assured, and whose labors would have been materially increased had he been absent, that the insured was daily engaged in his

usual vocation during the time that the defendant alleges that he was too ill to work; and on every material issue raised, where the burden of proof was upon the defendant, the plaintiff fairly overcame the evidence in behalf of the defendant, and the jury found in accordance with the facts thus established. It is insisted that the court committed error in allowing Frances A. Whitney to testify to a statement made by Alice Whitney to her as to what Ernest Whitney had said tending to show bias. It is quite true, as claimed, that such testimony was hearsay, and therefore incompetent. But we are of opinion that this point was not raised so as to be available to the appellant. Frances A. Whitney was called to testify, and testified upon this point as follows:

"I heard her testimony that she did not state to me that my stepbrother and his wife were to come down and leave no stone unturned to prevent the plaintiff from getting the money from the insurance company. Q. Did she tell you that? (Objected to, on the ground that no foundation has been laid for the question; also, that the proper question is to ask this witness what she said.)"

This objection was overruled, and the defendant excepted. The foundation had been laid for the question, and the form of it was perfectly proper; so the ruling of the court in this respect was correct. Upon cross-examination the witness gave utterance to the objectionable testimony, as follows:

"The conversation with Alice Whitney, which I testified to, took place in October, 1896. She told me that Emma was going to have a new trial, and that Nettie and my stepbrother Ernest were coming down, and were not going to leave a stone unturned to keep Emma from having that money."

This statement was drawn out by the appellant, and, so far as the record shows, it did not protest against it or object to it in any manner until after it had all been received, in answer, it may be assumed, to questions by appellant's counsel, as the evidence in this part of the record is given in narrative form. After the evidence was in, the defendant then moved to strike out all the testimony of this witness as to her conversations with Alice Whitney, upon the ground that there was no legal ground for it. This motion was denied, and defendant excepted. It was quite competent for the court to deny this motion for two reasons: First, the defendant's counsel had drawn out the testimony upon cross-examination, and was therefore responsible for it; and as he made no protest or objection at the time when the testimony was received, but continued his examination which resulted in its production, he could not complain if the court thereafter held him bound thereby, and refused to strike out the testimony; second, the motion asked for too much. Alice D. Whitney had testified that she did not say to Frances A. Whitney that she "would never leave a stone unturned to prevent her getting the money on these policies." It was perfectly competent to show that Alice D. Whitney had made such declarations, and the testimony which was elicited from Frances A. Whitney upon the direct examination, as above quoted, tended to contradict the testimony upon this point given by Alice D. Whitney. This was competent, even as original evidence; and as the motion called for the striking out of such testimony, as well as that which was hearsay and incompetent, the motion

was properly denied, as asking for more than the defendant was entitled to. It is therefore clear that no error was committed by the court in this respect. A careful examination of the case discloses no error worthy of serious consideration.

The judgment of the trial court is affirmed, with costs.